```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

IN RE:
KEVIN ADELL,

                  Debtor.
_____

JOHN RICHARDS HOMES BUILDING
COMPANY, L.L.C.,

                  Appellant,

vs.                                   Case No.  2:05-cv-401-FtM-29DNF
                                      Bankr. Case No. 9:03-bk-23684-ALP

KEVIN ADELL,

                  Appellee.
_____

**OPINION AND ORDER**

     This matter comes before the Court on the Motion to Withdraw The Reference of Entire Bankruptcy Case, or Alternatively, to Withdraw the Reference of (1) The Motion to Dismiss Chapter 7 Case; and (2) The Objection to Debtor's Fee and Expense Request in Connection with Sanctions Award (Bankr. Doc. #678) filed on July 22, 2005, in the Bankruptcy Court. Kevin Adell filed an Objection (Bankr. Doc. #712) on August 11, 2005. The appeal was docketed with the District Court on August 23, 2005.

    In the Middle District of Florida, bankruptcy cases are automatically referred to the Bankruptcy Court. The automatic reference may be withdrawn, however, under certain circumstances:

> The district court may withdraw, in whole or in part, any
> case or proceeding referred under this section, on its

>     own motion or on timely motion of any party, for cause
>     shown. The district court shall, on timely motion of a
>     party, so withdraw a proceeding if the court determines
>     that resolution of the proceeding requires consideration
>     of both title 11 and other laws of the United States
>     regulating organizations or activities affecting
>     interstate commerce."

28 U.S.C. § 157(d). The "cause" requirement set forth in 28 U.S.C. § 157(d), while not defined in the statute, "is not an empty requirement." In re Simmons, 200 F.3d 738, 741 (11th Cir. 2000). Factors the Court considers include the goals of advancing uniformity in bankruptcy administration, deceasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process. Id. at 742. See also In re Parklane/Atlanta Joint Venture, 927 F.2d 532 (11th Cir. 1991).

In this case, appellant John Richards Homes Building Company, L.L.C. asserts that there is "unbelievably sufficient cause" (Bankr. Doc. #712, p. 18) to withdraw the reference either in whole or in part. Appellant argues that the reference should be withdrawn due to a lack of uniformity, to foster economic uses of resources, to prevent delay, and because the Order Denying Motion to Dismiss has effectively been rendered unreviewable. Upon a close review of the record in the bankruptcy case, the Court finds that none of the factors would be advanced by withdrawing the reference in this case and finds no cause for the withdrawal of the reference.

Appellant indicates "three instances of a lack of uniformity:" (1) the difference between the Michigan Bankruptcy Court and the Florida Bankruptcy Court's decisions regarding homestead; (2) confusion between the Michigan and Florida courts with respect to the effect of the district court's Order Dismissing Adell's bankruptcy case; and (3) the Florida Bankruptcy Court's alleged non-compliance with the District Court's remand for the entry of an order dismissing the bankruptcy case.  None of these form a basis to withdraw the reference.  Substituting the Florida district court for the bankruptcy court will not remedy any inconsistent rulings, assuming such rulings were in fact inconsistent, and will not necessarily preclude inconsistent rulings in the future. Additionally, if a party believes the district court's order of dismissal on remand was not fully complied with, the remedy is not to withdraw the reference but to seek clarification or an appropriate order from the district court whose order is allegedly being ignored or misinterpreted.

Economic uses of the resources of the parties will not be significantly advanced by withdrawing the reference.  There has been no showing that a district court could have handled this case for efficiently or economically than has the bankruptcy court, or that a withdrawal of the reference would result in economic efficiencies.  Indeed, removing a judge familiar with the case and replacing him with a judge who has limited familiarity does not seem like a formula geared towards increased efficiency or the

prevention of delay.  Appellant's argument that the order continuing the case has effectively made the order denying motion to dismiss unreviewable is also without basis.  The Chapter 11 case dismissal by the district court is currently on appeal, the Motion to Dismiss the Chapter 7 remains pending before the Bankruptcy Court, and the Chapter 7 bankruptcy is not yet final and appealable.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.  Appellant's Motion to Withdraw The Reference of Entire Bankruptcy Case, or Alternatively, to Withdraw the Reference of (1) The Motion to Dismiss Chapter 7 Case; and (2) The Objection to Debtor's Fee and Expense Request in Connection with Sanctions Award (Bankr. Doc. #678) is **DENIED** in its entirety and the case shall remain with the Bankruptcy Court.

2.  The Clerk shall transmit a copy of this Opinion and Order to the Clerk of the United States Bankruptcy Court and close the Fort Myers appeal file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___26th___ day of September, 2005.

Copies:
Hon. Alexander L. Paskay
Clerk, Bankr. Court
Counsel of record

JOHN E. STEELE
United States District Judge